ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV
2007 AUG 10 P 2: 47
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| BRYANT N. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-015 |
| ) | |
| DODGE COUNTY COMMISSIONERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (doc. no. 8), to which objections have been filed (doc. no. 12).

According to Plaintiff, in recommending dismissal for failure to state a claim, the Magistrate Judge mischaracterized Plaintiff's arguments and improperly applied the law. (Id.). Specifically, Plaintiff asserts that the Magistrate Judge analyzed the law, as it pertains to magistrates qualified to serve, but Plaintiff contends that Magistrate Douglass was unqualified to serve as a magistrate under Georgia law. (Id. at 2). Essentially, Plaintiff argues that Defendants Dan McCranie and Dodge County Commissioners denied him the protections afforded by the Fourth Amendment when they appointed Magistrate Douglass, who issued the warrant that was executed by Defendant Hamby, because Magistrate Douglass was unqualified to serve as a magistrate under Georgia law. (See id.).

Plaintiff's objection is without merit. To prevail in a civil rights action under 42 U.S.C. § 1983, Plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001), cert. denied, 535 U.S. 1033 (2002); Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). As noted by the Magistrate Judge, the Supreme Court has held that the Fourth Amendment affords two rights with respect to the issuance of arrest warrants by magistrate judges: "[s]he must be neutral and detached, and [s]he must be capable of determining whether probable cause exists for the requested arrest or search." Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972). Assuming Defendants were acting under color of state law, Plaintiff failed to demonstrate that Magistrate Douglass was neither neutral nor detached. Rather, Plaintiff argues that Magistrate Douglass was unqualified under Georgia law, and thus, incapable of determining whether probable cause existed. However, assuming that the *appointment* of Magistrate Douglass violated Georgia law, this does not undermine her individual ability to evaluate probable cause. Thus, Plaintiff fails to allege facts sufficient to demonstrate that he was denied protections afforded by the Fourth Amendment.

In conclusion, the Report and Recommendation of the Magistrate Judge is **ADOPTED**, as modified herein, as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action shall be **CLOSED**.

SO ORDERED this 10 day of August, 2007, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

2